IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
DEC 27 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07–05–BU–DWM |
| Plaintiff, | |
| vs. | ORDER |
| ALEXANDER TALLON, | |
| Defendant. | |

Defendant Alexander Tallon having moved unopposed to vacate the final hearing on revocation in this matter,

IT IS ORDERED that the Defendant's motion (Doc. 65) is GRANTED. The July 18, 2017 Petition for Summons is DISMISSED and the final revocation hearing set for January 3, 2018, is VACATED.

IT IS FURTHER ORDERED that the defendant remains subject to all existing conditions of supervised release. (*See* Doc. 47.) The defendant shall remain on radio frequency (RF) monitoring until the end of the three-month period initially prescribed. (*See* Doc. 64 (October 3, 2017 Order).) The defendant shall also abide by the following modified conditions of supervision for the remainder of his supervision:

1

1. The defendant shall not knowingly acquire, possess or view (1) any materials with depictions of sexually explicit conduct involving children, as defined by 18 U.S.C. § 2256(2), and (2) any materials with depictions of sexually explicit conduct involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by the supervising probation officer. The defendant shall not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites. The defendant shall not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

2. The defendant may own or possess only one device approved by the United States Probation Office that has access to online services. If that device is not a phone, the defendant may also possess one mobile phone that has no online capability or camera. The defendant shall notify the probation officer of the device(s) prior to initial use. The defendant shall not own, possess, or use any additional devices without the prior written approval of the probation officer. The defendant's approved devices shall be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation office. The defendant shall allow the probation officer to make unannounced examinations of all computer, hardware, and software, which may include the retrieval and copying of all data from defendant's computer. The defendant shall allow the probation officer to install software to restrict the defendant's computer access or to monitor the defendant's computer access. The defendant shall pay the cost of monitoring, as directed by the United States Probation Office.

   The defendant shall not use any computer device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

   The defendant shall not possess encryption or steganography software. The defendant shall provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and

immediately report changes. The defendant shall sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

Dated this 27th day of December, 2017.

Donald W. Molloy, District Judge
United States District Court