IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALEXANDER TALLON,<br><br>　　　　　　Defendant. | CR-07-5-BU-DWM<br><br>FINDINGS AND<br>RECOMMENDATION |

　　　Before the Court is a petition alleging Defendant Alexander Tallon violated conditions of his supervised release. By Order entered May 17, 2022, United States District Judge Donald W. Molloy referred this matter to the undersigned to conduct a final revocation hearing. The Court conducted the hearing on June 2, 2022.

　　　The petition filed in this case asserts Tallon committed six violations of his conditions of release. The petition alleges the following violations: (1) on or about December 30, 2021, Tallon installed a new SIM card in his mobile phone, which caused the monitoring software to de-activate, in violation of his monitoring

1

software agreement; (2) on March 30, 2022, Tallon's sweat patch test results returned positive for the presence of THC, in violation of the condition prohibiting unlawful possession and/or use of a controlled substance; (3) on May 5, 2022, Tallon's sweat patch test results returned positive for the presence of methamphetamine, in violation of the condition prohibiting unlawful possession and/or use of a controlled substance; (4) on or about April 22, 2022, Tallon admitted that he had purposely searched, accessed, and viewed multiple sexually explicit images of minor aged males, in violation of his monitoring user agreement and the condition prohibiting him from accessing sexually explicit materials as defined in the conditions; (5) on or about May 3, 2022, Tallon was instructed by his sex offender treatment provider that his intentional viewing of the above-mentioned images was in violation of his sex offender treatment rules; and (6) on May 6, 2022, Tallon was terminated from sex offender treatment for his continued violation conduct, including the use of methamphetamine, in violation of the condition requiring him to complete a sex offender treatment program.

On May 10, 2022, the Court issued a warrant for Tallon's arrest based on the matters alleged in the petition. Following his arrest, Tallon's initial appearance was held on May 17, 2022.

At the final revocation hearing on June 2, 2022, Tallon appeared with counsel and admitted to violations (4), (5), and (6) as set forth in the petition. Based on Tallon's admissions, the Court finds by a preponderance of the evidence that Tallon committed violations (4), (5), and (6) as alleged in the petition. Based on the evidence and testimony presented at the revocation hearing, the Court further finds that Tallon violated the conditions of his release as alleged in violations (2) and (3) of the petition. As to violation (1), however, the Court finds that the United States did not meet its burden of establishing the alleged violation by a preponderance of the evidence.

The United States, Tallon's counsel, and Tallon were each given an opportunity to address the Court as to their recommendations and requests for an appropriate sentence and disposition of the petition. Having considered the record in this case, and the evidence and arguments presented at the revocation hearing,

IT IS RECOMMENDED that Tallon's supervised release be REVOKED, and that Tallon be committed to the custody of the United States Bureau of Prisons for a term of 5 months. Upon release from imprisonment, Tallon should be placed on supervised release for a lifetime term.

Within 72 hours of release from custody of the Bureau of Prisons, Tallon shall report in person to the probation office in the district to which he is released

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20911, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. The defendant shall also comply with the following special condition(s):

| Condition | Condition Description |
|---|---|
| 1. | You must reside in a Residential Reentry Center under contract to the United States Bureau of Prisons, for a period of six (6) months. You must abide by all rules and regulations of the Center and successfully complete any programming as directed by the probation officer. |

2.  All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

3.  You must enter and successfully complete a sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

4.  You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

5.  Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, [with the exception of your own children;] go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

6.  You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

7.  You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are designed to arouse sexual desire, unless otherwise approved by the supervising probation officer in conjunction with defendant's sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5).  You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores,

clubs, or Internet sites, unless otherwise approved by the supervising probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

8. You must submit your person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access, to a search at a reasonable time and a reasonable manner, with or without a warrant, by the United States Probation Office, or by any law enforcement officers upon the express direction of the United States Probation Office, with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults, and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

9. You may own or possess only one device that has access to online services as approved by the probation officer. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices, whether or not the device has access to online services, without the prior written approval of the probation officer. You shall not own, possess, or use more than one data storage device or media, without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, software, which may include the retrieval and copying of all data from your computer, phone, tablet, or data storage device or media. You must allow the probation officer to install software to restrict or

> monitor your devices access. You must pay part or all of the cost of monitoring, as directed by the probation officer.
>
> You must not use any computer, phone, tablet, data storage device or media, to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.
>
> You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

10. You must participate in and successfully complete a program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

11. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

12. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

13. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

14. You must participate in a program for mental health treatment as approved by the probation officer. You must remain in the program

until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing. The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the District Judge, and may waive the right to appear and allocute before the District Judge.

DATED this 3rd day of June, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge